COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ALLIED SIGNAL, INC.
AND
TRAVELERS INDEMNITY CO. OF ILLINOIS
                                        MEMORANDUM OPINION*
v.   Record No. 1505-99-2                    PER CURIAM
                                          NOVEMBER 16, 1999
KARIN A. PERSINGER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (S. Vernon Priddy, III; Mary Louise Kramer;
            Patsy L. Mundy; Sands, Anderson, Marks &
            Miller, on brief), for appellants.

            (Ruth E. Nathanson; Maloney, Huennekens,
            Parks, Gecker & Parsons, on brief), for
            appellee.


     Allied Signal, Inc. and its insurer (hereinafter referred to as "employer") contend that the Workers' Compensation Commission (commission) erred in (1) its application of this Court's holding in Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 363 S.E.2d 433 (1987), aff'd after remand, 9 Va. App. 120, 384 S.E.2d 333 (1989); and (2) failing to address and reverse the deputy commissioner's refusal to admit Karin Persinger's (claimant) deposition into the record as substantive evidence.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.

     ---

     * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

                                   I.

Employer singled out one statement contained in the full commission's opinion as the basis for its argument on this issue.  That statement read as follows:  "[T]he Deputy Commissioner had the advantage of observing the claimant and is in a better position to judge credibility.  We cannot arbitrarily disregard her finding."  Employer argues that because the deputy commissioner made no credibility findings based on appearance or demeanor, the full commission was free to make its own credibility determination and erred in failing to weigh the relative credibility of the conflicting witnesses, misapplying and overstating the rule announced in Goodyear.

The commission's opinion thoroughly recites the testimony of the witnesses and the content of the medical records.  The commission recognized that the issue of whether claimant proved a compensable injury by accident was "highly factual" and depended largely upon the credibility of the witnesses. Regardless of the commission's citation to Goodyear, its opinion, taken as a whole, unequivocally shows that the commission weighed the testimony of the witnesses and agreed with the deputy commissioner's determination that claimant's testimony was credible and consistent with the medical records.

                                   -

In short, the full commission simply found no reason to reverse the deputy commissioner's credibility determination and did not abuse its discretion by adopting the deputy commissioner's findings rather than reversing her decision. Goodyear prohibits the commission from arbitrarily disregarding the deputy commissioner's credibility determination where it is based upon demeanor or appearance. 5 Va. App. at 382, 363 S.E.2d at 437. However, nothing in Goodyear prohibits the commission from weighing the evidence and adopting the deputy commissioner's credibility determination where it is based upon the substance of the witnesses' testimony.

Because the commission's factual findings are supported by credible evidence, we will not disturb them on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

## II.

At the hearing, the deputy commissioner agreed to make claimant's deposition part of the record, stating that she would rely upon claimant's live testimony unless something in the deposition contradicted and impeached her testimony. We find no merit in employer's argument that the commission erred in failing to admit the deposition as substantive evidence.

The deputy commissioner did, in fact, admit the deposition into the record, albeit for impeachment and rebuttal purposes. Furthermore, employer has cited to nothing in the deposition

-

that the deputy commissioner refused to consider and which would have had any bearing on the issues in this case. Thus, even assuming, without deciding, that the deputy commissioner erred in failing to admit the deposition as substantive evidence, such error was harmless.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>